Hand-Delivered

FILED
CHARLOTTE, NC

SEP 12 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

TYCERLY COWAN
4021 Mackinnon Dr
Charlotte, NC 28214
Plaintiff,

v.

UNITED PARCEL SERVICE, INC.
55 Glenlake Parkway NE
Atlanta, GA 30328
Defendant.

Civil Action No. 3:25-CV-704-KDB

COMPLAINT
DEMAND FOR JURY TRIAL

## PARTIES

1. Plaintiff Tycerly Cowan ("Plaintiff") is an African American female and former employee of United Parcel Service, Inc. ("UPS"). She was employed by UPS from 2006 through 2025 in various roles, most recently as a Senior Account Manager in Charlotte, North Carolina.

2. Defendant United Parcel Service, Inc. is a corporation doing business in the state of North Carolina and may be served through its registered agent.

## JURISDICTION AND VENUE

3. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and other federal statutes.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in this District.

## FACTUAL ALLEGATIONS

5. Plaintiff began working at UPS in 2006 in Inside Sales in Greenville, SC.

6. From 2012 to 2013, Plaintiff was harassed by two white female sales coaches, Velma "Gina" Jones and Jamie Downs, who treated her hostilely and created an unwelcoming environment.

7. Plaintiff filed a formal complaint with HR Manager Reggie Owens at UPS's Greenville office. Mr. Owens confirmed the harassment in his investigation but took no disciplinary action. Instead, the harassers were quietly moved to other teams and later promoted.

8. Despite UPS policy stating employees with three or more years of service could apply for promotions without a degree, Plaintiff was repeatedly denied advancement. HR falsely claimed she was ineligible due to lacking a bachelor's degree.

9. Plaintiff was only promoted in 2019 after re-enrolling in college in 2018 and providing proof of expected graduation. This delay caused her to miss out on salary increases, commissions, and leadership development opportunities.

10. From October 2022 to February 2025, Plaintiff worked as a Senior Account Executive in Charlotte under Curtis Eidson, who systematically excluded her from opportunities given to white peers.

11. Eidson excluded Plaintiff from at least six weeks of weekly strategic sales meetings attended by white colleagues Chance Brown and Molly McKinley. Plaintiff documented this in a December 5, 2023 email to Ethics investigators Kevin Price and Clayton Doyle and through Microsoft Teams logs.

12. Eidson reassigned Plaintiff's accounts without notice:

   a. C.A. Short Account was reassigned to Molly McKinley in March 2024 while Plaintiff was on leave, justified by Eidson based on McKinley's shared alma mater with the customer.

   b. GNT USA Account was reassigned in April 2024 to Allison Fitzhugh, a white employee with no prior UPS experience, while Plaintiff was on medical leave.

13. Eidson interfered with Plaintiff's contracts, including:

   a. Revising international shipping terms for Rauch Brands in June 2024, worsening rates. Customer Kristin McCabe emailed Plaintiff expressing frustration.

   b. Submitting a SurePost bid with inflated volume estimates, making the customer ineligible for discounts.

14. After Plaintiff reported discrimination, Eidson retaliated against her.

15. In early 2024, Eidson falsely accused Plaintiff of falsifying expenses, triggering a UPS Security investigation. The claim was marked "unsubstantiated" after Plaintiff provided evidence.

16. Later in 2024, Eidson directed Plaintiff not to report sales wins, then used the lack of reported revenue to justify placing her on a Performance Improvement Plan (PIP). Plaintiff presented proof to HR that Eidson directed not to report sales wins and was still placed on Performance Improvement Plan.

17. While Plaintiff was on medical leave in June 2024, Eidson told customers that Allison Fitzhugh was her "replacement." Eidson also told Tiffany Carpenter at Lightning X Products that plaintiff left company and would not be returning.

18. Plaintiff's internal complaints were ignored or redirected: HR representatives (Kim Duckett and Anthony Nelson) told her to "wipe the past clean"; VP of Sales Sophia Duncan forwarded her concerns back to Eidson; and UPS Ethics failed to interview key witnesses, including Alice Williams Rich and Crystal Thompson.

19. Fearing termination, Plaintiff resigned in February 2025.

20. In March 2025, Plaintiff filed another Ethics complaint. This led to Eidson's termination, confirming UPS was aware of his misconduct.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Plaintiff filed a timely complaint with the Equal Employment Opportunity Commission (EEOC). She has received a Notice of Right to Sue.

## CLAIMS FOR RELIEF

COUNT I – Race Discrimination (Title VII, 42 U.S.C. §2000e-2)

22. Defendant discriminated against Plaintiff on the basis of race by denying her equal access to resources, support, commissions, and work conditions provided to similarly situated white colleagues.

COUNT II – Retaliation (Title VII, 42 U.S.C. §2000e-3)

23. Plaintiff engaged in protected activity by reporting discrimination to HR and the UPS Ethics Hotline.

24. Defendant retaliated against her by subjecting her to increased scrutiny, false accusations, a baseless investigation, and a PIP designed to lead to dismissal.

### COUNT III – Constructive Discharge

25. Defendant created a hostile and retaliatory work environment that forced Plaintiff to resign to preserve her dignity and career, amounting to a constructive discharge.

### COUNT IV – Hostile Work Environment

26. Defendant's persistent exclusion, account tampering, and internal sabotage created a hostile work environment in violation of Title VII.

## DAMAGES

27. Plaintiff earned a base salary of $73,000, with commissions increasing her annual compensation to an average of $100,000–$122,000.

28. Plaintiff lost income, commissions, and future earnings due to Defendant's actions. Estimated economic damages (back pay and front pay) total between $420,000 and $490,000.

29. Plaintiff also suffered emotional distress, reputational harm, and loss of enjoyment of life due to ongoing mistreatment and constructive discharge.

30. Plaintiff seeks punitive damages under Title VII for Defendant's willful and reckless disregard for her rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in her favor on all counts;

b. Award compensatory damages for lost income, commissions, and emotional harm;

c. Award punitive damages under 42 U.S.C. §1981a;

d. Award costs of this action;

e. Grant a trial by jury; and

f. Award such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: September 11, 2025

*[Signature]*

Tycerly Cowan, Pro Se
4021 Mackinnon Dr
Charlotte, NC 28214
Phone: 864-617-3758
Email: tylee25@hotmail.com