IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00704-KDB-MTO

| | |
|---|---|
| **TYCERLY COWAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED PARCEL SERVICE, INC.,**<br><br>**Defendant.** | **MEMORANDUM AND ORDER** |

THIS MATTER is before the Court on Defendant United Parcel Service, Inc.'s ("UPS") Motion for Judgment on the Pleadings (Doc. No. 21) and Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 26). The Court has carefully considered these motions, the Parties' briefs and exhibits and oral argument on the motions from the Parties' counsel on November 12, 2026. For the reasons discussed at the hearing on this motion, more particularly in Defendant's memoranda of law and summarized below, the Court will **GRANT** the Motion for Judgment on the Pleadings and **DENY** the Motion to File an Amended Complaint.

This is an employment discrimination action in which Plaintiff asserts four claims based on racial discrimination, retaliation, constructive discharge and a hostile work environment. The Complaint fails to state a claim on each of the four counts. Counts I and II are untimely because they rest entirely on discrete acts that occurred before January 22, 2025 — the start of the 180-day limitations period calculated from Plaintiff's July 21, 2025, EEOC filing.

Count III claims Cowan's February 2025 resignation was a constructive discharge. That claim is timely, but it fails because the Complaint pleads no facts showing objectively intolerable

working conditions forced Cowan's resignation. "Mere dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 378 (4th Cir. 2004). Further, Cowan states in her proposed Amended Complaint that she resigned due to "possible discipline" and "the possibility" that she would be terminated and not because of specific intolerable acts (Doc. 26-1 § 22). Absent actual threats of adverse employment actions, which are not alleged, the "potential" for discipline or termination is insufficient to support a plausible claim for "intolerable" working conditions.

Count IV fails for two independent reasons: the Complaint alleges no act of hostility within the limitations period, and the conduct it does allege is neither severe nor pervasive enough to constitute an actionable hostile work environment. Therefore, Judgment on the Pleadings will be entered in favor of UPS.

Finally, with respect to the Motion for Leave to File an Amended Complaint, the Court has carefully considered the proposed Amended Complaint. While the Court would allow the Amendment if it would change the Court's ruling on the issues of the statute of limitations or the sufficiency of the Complaint discussed above, the Court finds that the Amended Complaint would not change the Court's ruling and is therefore futile. The Motion For Leave to Amend will be denied for that reason.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. No. 21) is **GRANTED** and Judgment is entered in favor of Defendant;
2. Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 26) is **DENIED**; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 12, 2026

Kenneth D. Bell
United States District Judge